IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOGAN P. HATCH, : | No. 3:06cv1936 |
| C/O NICOLE HATCH, : | |
|     Plaintiff : | (Judge Munley) |
| : | |
| v. : | |
| : | |
| MICHAEL J. ASTRUE, : | |
| COMMISSIONER OF : | |
| SOCIAL SECURITY, : | |
|     Defendant : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition are the defendant's objections (Doc. 13) to Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 12) proposing that we order the defendant to pay past and future benefits to the plaintiff. Having been fully briefed, the matter is ripe for disposition.

**I.    Background**

On August 29, 2002, the plaintiff, Logan P. Hatch, a child born on June, 22, 2002, made an application through his mother, Nicole Hatch, to the Social Security Administration for Disability Insurance Benefits (hereinafter "SSI") under Title XVI of the Social Security Act. (Administrative Record ("R") at 237). The plaintiff alleges that he has been under a disability due to bilateral club foot deformities and heel cord tightness since August 29, 2002. (Id.). The Social Security Administration ("SSA") denied his claim, finding the plaintiff not disabled. (Id. at 238). The plaintiff

then filed a request for a hearing before an Administrative Law Judge ("ALJ"), which was held on August 15, 2003. (Id.). On September 18, 2003, the ALJ found that plaintiff was not entitled to a period of disability or disability insurance benefits. (Id.). On November 12, 2003, the plaintiff's mother filed an appeal with the Social Security Administration's Appeal Council. (Id.).[1] The Appeals Council denied the plaintiff's appeal on December 18, 2003, making the ALJ's decision final. (Id.).

On February 24, 2004, the plaintiff filed an appeal pursuant to 42 U.S.C. § 405(g). On August 24, 2004, this court remanded the case to the Commissioner for further consideration in light of the plaintiff's new evidence. The Commissioner again denied plaintiff's claim. On February 7, 2005, a second hearing was held before an ALJ. (Id. at 352-363). On March 3, 2005, the ALJ issued his decision, again denying the plaintiff's claim for benefits. (Id. at 200-205). Nicole Hatch filed a second complaint on behalf of the plaintiff with this court on October 2, 2006. On May 14, 2007, Magistrate Judge J. Andrew Smyser issued a Report and Recommendation concluding that the plaintiff had a marked impairment in his ability to move around and a marked impairment in the domain of self-care. (Id. at 12). Magistrate Judge Smyser recommended that we find for the plaintiff and that the Commissioner be ordered to pay past and future benefits to the plaintiff. (Id. at 13). He also recommended that the Commissioner be allowed to terminate benefits in the

---

[1] Michael J. Astrue became the Commissioner of Social Security, effective February 12, 2007. Under Fed. R. Civ. P. 25 (d)(1) and 42 U.S.C. 405(g), Michael J. Astrue was automatically substituted as the defendant in this action.

2

future if the plaintiff's marked impairments in two domains of functioning cease.  (Id.). The defendant then filed objections to the Report and Recommendation.  Both sides submitted briefs, bringing the case to its present posture.

**II.     Jurisdiction**

This court has jurisdiction pursuant to the Social Security Act, 42 U.S.C. § 405(g).  ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides.")   The plaintiff filed this action within sixty (60) days after the Commissioner of Social Security rendered a final decision.  The plaintiff in this action resides in Athens, Pennsylvania, which is part of the Middle District of Pennsylvania.

**III.    Standard**

When dealing with objections to a magistrate judge's report and recommendation, a district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1)(c).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.  28 U.S.C. § 636(b)(1)(c).  The district court judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions. Id.

When reviewing the denial of disability benefits, we must determine whether the denial is supported by substantial evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Mason v. Shalala, 994 F.2d 1058 (3d Cir. 1987). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Plummer, at 427 (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). Substantial evidence "is more than a mere scintilla of evidence but less than a preponderance." Brown, at 1213 (citing Stunkard v. Secretary of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988)).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict around the evidence. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993). However, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from evidence does not prevent [the decision] from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966).

The Commissioner's decision must be accompanied by "a clear and satisfactory explanation of the basis on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts of evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was

rejected, and the reasons for rejecting certain evidence. Id. at 706-707. Reviewing courts "retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "leniency [should] be shown in establishing the claimant's disability, and . . . the [Commissioner's] responsibility to rebut it [should] be strictly construed." Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

**IV. Determination of the Plaintiff's Condition**

This case concerns the question of whether plaintiff suffered from marked limitations to his ability to move around and care for himself as a result of his foot condition. In 1996 Congress altered the statutory disability standard for children seeking SSI. Pub. L. No. 104-193 (August 22, 1996). Section 211(a)(4) of the 1996 legislation, codified at 42 U.S.C. § 1382c(a)(3)(C)(I), provides:

> An individual under the age of 18 shall be considered disabled for the purpose of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Pub. L. No. 104-193 § 211(a)(4)**.**

The rules applicable to a child alleging disability prescribe a three-step sequential evaluation under which the ALJ must consider: 1) whether the child is

5

engaging in substantial gainful activity; 2) whether the child has a medically determinable impairment (physical or mental) or a combination of impairments that is severe; 3) whether the child's impairment(s) meets, medically equals, or functionally equals in severity any of the listed impairments at 20 C.F.R. § 404, Subpt. P, App. 1. See 20 C.F.R. § 416.924(a).

A child meets the listing if the specific findings detailed within the description of a listing exist with respect to a child's diagnosis. 20 C.F.R. § 416.924(d)(1). A child medically equals a listing if the medical findings with respect to the child's impairments are at least equal in severity to those listed. 20 C.F.R. § 416.926(a). A child functionally equals a listing when he/she has a severe impairment that results in "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a).

There are six domains of functioning used in determining functional equivalence:

   i) acquiring and using information;

   ii) attending to and completing tasks;

   iii) interacting and relating to others;

   iv) moving about and manipulating objects;

   v) ability to care for oneself; and,

   iv) health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(I-VI). A marked limitation occurs "when [an] impairment

interferes seriously with a plaintiff's ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). A marked limitation is "more than moderate but less than extreme." Id. An extreme limitation in a domain is found when "the impairment interferes very seriously with a plaintiff's ability independently to initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3). An extreme limitation "is more than marked" and "is a description given to the worst limitations." Id. An additional factor to be considered in determining functional equivalence is whether or not the activities of the child asserting disability are typical of other unimpaired children of the same age. 20 C.F.R. § 416.926a(b) (2).

ALJ Jasper Bede determined at step one that the plaintiff had not engaged in substantial gainful activity since the onset of his disability. (R. at 205). At step two, ALJ Bede found that the plaintiff's impairment, bilateral club feet deformities, "are 'severe' within the meaning of 20 C.F.R. § 416.924(c) and Social Securities Rulings 96-3p and 85-28 because the child has more than slight abnormalities and more than minimal functional limitations." (Id. at 201). At step three of the process, ALJ Bede concluded that the plaintiff's impairment does not meet or medically equal the severity of any listed impairment. (Id.). He further found that the plaintiff does not have an extreme limitation in any domain of functioning or a marked limitation in any domain of functioning. (Id.). ALJ Bede concluded that the plaintiff was not under a disability and denied the application for Supplemental Social Security payments.

(Id.).[2]

---

[2]In reaching this conclusion ALJ Bede stated that he considered the 20 C.F.R. § 416.924a factors and the 20 C.F.R. § 416.926a(b) questions.  (R. at 202, 204.)  The 20 C.F.R. § 416.924a(b) factors identified by ALJ Bede are:

    1) How the child's functioning compares to that of unimpaired children of the same age.

    2) The combined effects of multiple impairments on the child's functioning.

    3) How well the child can initiate, sustain, and complete activities; including the amount of help or adaptations needed and the effects of structured or supportive settings.

    4) How the child functions in unfamiliar, or one-on-one settings compared to the usual settings at home, at school, or in the community.

    5) When relevant and available; information concerning a child's placement in a special education setting, accommodations provided to the child, and the child's attendance and participation in the education program.

    6) The impact of the chronic illness and limitations that interfere with a child's activities over time and may limit the child's functioning.

    7) The effect of treatment, including medications on the child's functioning.

Id. at 202.   The 20 C.F.R. § 416.926a(b) questions are as follows:

    (i) What activities are you able to preform?

    (ii) What activities are you not able to preform?

    (iii) Which of your activities are limited or restricted compared to other children your age who do not have impairments?

    (iv) Where do you have difficulty with your activities-at home, in childcare, at school, or in the community?

    (v) Do you have difficulty independently initiating, sustaining, or completing activities?

    (vi) What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

We agree with Magistrate Judge Smyster that the ALF does not explain how or to

ALJ Bede relied on the testimony of the plaintiff's mother, Nicole Hatch and a medical report generated by John M. Parenti, M.D., the plaintiff's treating orthopedic surgeon. ALJ Bede found that Nicole Hatch's testimony about her son's condition was "credible but not consistent with a disabling condition." (R. at 204). Dr. Parenti's report contained statements that the plaintiff was doing "remarkably well" after a recent surgery and that Dr. Parenti was optimistic that the plaintiff would be able to compete in most activities by the time he is a teenager. (Id.). ALJ Bede also noted that Dr. Parenti stated in his report that the plaintiff may need future additional surgery. (Id.). The ALJ emphasized, however, that the plaintiff may not need future treatment. (Id.).

Magistrate Judge Smyser's Report and Recommendation proposes that we reject ALJ Bede's decision and direct the Commissioner to pay past and future benefits to the plaintiff. Magistrate Judge Smyser found that the plaintiff had marked limitations in the domain of moving about and manipulating objects and in the domain of self-care. The Magistrate Judge also found that substantial evidence does not support ALJ Bede's finding of less than a marked limitation in the domain of caring for himself. We will discuss these recommendations in more detail as appropriate below.

**V. Discussion**

---

what extent the 20 C.F.R. § 416.924a factors and the 20 C.F.R. § 416.926a(b) questions factored into his decision. The ALJ simply claims he considered them.

9

The Defendant raises two objections to Magistrate Judge Smyser's Report and Recommendation. We will discuss each objection in turn.

**A. Marked Impairment in Moving Around**

The defendant argues that the record does not support Magistrate Judge Smyser's finding that plaintiff has a marked limitation in the domain of moving around. The defendant contends that the plaintiff lacks this limitation because he has the ability to move around. This lack of limitation, defendant insists, is demonstrated by plaintiff's ability to walk.

The defendant relies on the testimony of Dr. Parenti and Nicole Hatch to support this proposition. Dr. Parenti testified that at nine months the plaintiff was starting to stand and cruise around furniture. (Defendant's Objections (Doc. 13) at 2). The defendant argues that this demonstrates the plaintiff was advanced in his ability to move around. Additionally, the defendant points to the testimony of the plaintiff's mother to show that the plaintiff's mobility was not limited. In February 2005, defendant points out, Nicole Hatch testified that the plaintiff was walking and was healthy enough to begin a head start program. (Id.). The defendant also argues that the plaintiff has not had an orthopaedic treatment since February 24, 2004, and is currently not taking medication or receiving treatment for his foot impairment. (R. at 301).

The domain of moving about and manipulating objects is generally defined as:

Rolling your body; rising or pulling yourself from a sitting to a standing

10

> position; pushing yourself up; raising your head, arms, and legs, and twisting your hands and feet; balancing your weight on your legs and feet; shifting your weight while sitting or standing; transferring yourself from one surface to another; lowering yourself to or toward the floor as when bending, kneeling, stooping, or crouching; moving yourself forward and backward in space as when crawling, walking, or running, and negotiating different terrains (e.g., curbs, steps, and hills).

20 C.F.R. 416.926a(j)(1)(i).  The plaintiff's treating physician, Dr. Parenti, stated in a February 2004 letter that:

> Overall, Logan is limited and unable to perform without the support of others in activities involving his feet.  He can preform all the activities of sitting and crawling, and it is only those activities such as running, jumping, hopping, walking for long distances, kicking a ball, etc. that he has some difficulty.  Thus, his activities are somewhat limited compared to children of his own age.

(R. at 308).  In February of 2005 Nicole Hatch testified before ALJ Bede that her son was still limited in running, jumping, climbing, and kicking a ball.  (Id. at 357).  She further stated that he needed assistance in order to complete these activities due to his condition.  (Id.).

The search for substantial evidence is "not merely a quantitative exercise." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983) (emphasis in original).  An ALJ "may properly accept some parts of the medical evidence and reject other parts . . . [but] he must consider all the evidence and give some reason for discounting the evidence he rejects."  Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994) (citing Stewart v. Secretary of H.E.W., 714 F.2d 287, 290 (3d Cir.1983).  ALJ Bede put great credence in the February 27, 2004 letter written by Dr. Parenti.  ALJ Bede noted Dr. Parenti's optimism that the plaintiff might be able to able to compete in

11

athletic contests when he is older and also the doctor's opinion that the plaintiff was doing "remarkably well" following his second corrective surgery. At the same time, ALJ Bede acknowledges that the plaintiff is currently "limited in running, jumping, hopping, walking for long distances, and in kicking the ball when compared to children his own age." (R. at 204). The issue is not simply the future prognosis of the child. Dr. Parenti's letter was written eleven (11) days after the plaintiff's surgery. Stating that a two-year-old child is doing remarkably well after surgery does not negate the possibility of a marked limitation. Dr. Parenti stated in his February 27, 2004 letter that the plaintiff was "limited and unable to perform without the support of others in activities involving his feet." (Id. at 308). One year after Dr. Parenti wrote his letter, Nicole Hatch testified that the plaintiff's mobility was still limited. Nicole Hatch also testified that the plaintiff had difficulty sleeping as a result of his condition. (Id. at 359). She stated that he "screams and hollers that his feet hurt . . . it can go on for an hour." (Id.) ALJ Bede found that Nicole Hatch's testimony was credible but not consistent with a disabling condition. See Id. at 204. ALJ Bede does not explain why or how such testimony does not demonstrate a marked limitation in the domain of moving around.

An ALJ "cannot reject evidence for no reason or for the wrong reason." Mason, 944 F.2d at 1066. ALJ Bede focuses on the plaintiff's future rather than his current condition, which is primary question in this setting. He does not advance a rationale as to why or how he judged the medical opinions of Dr. Parenti nor does he

explain why Nicole Hatch's testimony was not given more credence. "The ALJ must also consider and weigh all the non-medical evidence before him." Burnett v. Commissioner of SSA, 220 F.3d 112, 122 (3d Cir. 2000) (citations omitted). "Although allegations of pain and other subjective symptoms must be consistent with objective medical evidence, the ALJ must still explain why he is rejecting the testimony." Id. (internal citations omitted). Here, Nicole Hatch testified that the plaintiff's mobility was still limited. Her testimony is buttressed by Dr. Parenti's 2004 letter. ALJ Bede does not explain why her testimony about her son's pain and lack of mobility was rejected.[3]

The defendant argues that the plaintiff's ability to walk, and to begin a head start program demonstrates a lack of a marked limitation. It is well settled "that sporadic or transitory activity does not disprove disability." Smith v. Califano, 637 F.2d 968, 971 (3d Cir. 1981). Simply because the plaintiff has the ability to walk or attend head start does not disprove his disability.

The defendant also contends that the plaintiff has not had treatment since 2004 and is currently taking no medication for his condition and this demonstrates a lack of limitation in the domain of self-care. At the 2005 hearing before ALJ Bede, the plaintiff was still wearing a special fitting that goes over his shoes for his condition. The plaintiff is required to wear this fitting at night as well. Further, Dr.

---

[3] Dr. Parenti did not address the plaintiff's pain in his 2004 letter. The plaintiff's pain post-dated Dr. Parenti's 2004 letter.

13

Parenti stated in his 2004 letter that the plaintiff's condition would continue into the future and additional surgeries may be required as the plaintiff grows. (R. at 307-308).

We agree with the Magistrate Judge that ALJ Bede's conclusion that the plaintiff does not have a marked limitation in the domain of moving around was not supported by substantial evidence.  The ALJ relied on a future prognosis in rendering his decision and did not address the current afflictions that plague the plaintiff.  The record does not support the ALJ's decision, but instead leads us to the conclusion that plaintiff has a marked limitation in the domain of moving around.  He cannot walk long distances, run, jump or kick and play as other children his age can.  Though not extreme, these limitations on daily activities most children engage in are certainly more than moderate.  We therefore overrule the defendant's first objection to Magistrate Judge Smyser's report and recommendation.

**B. Marked Impairment In the Domain of Self-Care**

The defendant argues that Magistrate Judge Smyser's finding that the plaintiff has marked limitations in the domain of self-care is not supported by the record.  The defendant postulates that the plaintiff has the ability to move around and the record does not demonstrate that the plaintiff has another condition that could possibly prevent or limit self-care.

In support of his argument, the defendant points to a statement by Dr. Parenti, that said "[w]ith the exception of his clubbed feet, Logan's health is certainly normal

14

and he is fully well." (R. at 308). The defendant argues that ALJ Bede appreciated this statement and used it as a basis to deny benefits. (Id. at 204). Additionally, the defendant argues that the testimony of Nicole Hatch was based upon false assumptions. Nicole Hatch testified that her son had difficulty potty training due to his feet. (Id. at 357). The defendant postulates that children do not have the ability to use the toilet themselves until age three. In support of his position The defendant cites to http://www.edu-cyberpg.com/Teachers/time.html for the proposition that children cannot use the toilet until the age of three (3). The defendant argues that this website establishes benchmarks for childhood development.

> The domain of self-care is generally defined as:
> Caring for yourself effectively, which includes regulating yourself, depends upon your ability to respond to changes in your emotions and the daily demands of your environment to help yourself and cooperate with others in taking care of your personal needs, health and safety. It is characterized by a sense of independence and competence. The effort to become independent and competent should be observable throughout your childhood.

20 C.F.R. 416.926a(k)(1)(i). Nicole Hatch testified that the plaintiff was having difficulty in potty training as a result of his condition. (R. at 357, 358). The plaintiff is unable to climb the stool in order to reach the toilet. (Id. at 357). Nicole Hatch stated that she believed, even once trained, the plaintiff will still need assistance in using the toilet. (Id. at 358).

ALJ Bede did not discuss how or why he found that the plaintiff did not have a marked limitation in the domain of self-care. Defendant's citation to a website listing

15

benchmarks for childhood development is unavailing as support for this position. We do not find that such a listing constitutes substantial evidence supporting the finding that plaintiff lacks a marked limitation in this area. The question in this case is not how plaintiff compares to a generalized set of standards, but whether plaintiff's individual situation represents a marked limitation which he would not suffer but for his physical condition. We are interested in what plaintiff can do.

In his objections, the defendant postulates that ALJ Bede took credence in Dr. Parenti's statement that "with the exception of clubbed feet, [the Plaintiff's] health is certainly normal and he is fully well." (R. at 308). This statement does not demonstrate that plaintiff lacks limitations. Dr. Parenti merely states that the plaintiff had normal physical health, though he suffers from a disability in his feet. That statement does not contradict Dr. Parenti's conclusion that plaintiff suffers a marked limitation in the domain of self-care. Indeed, many people can enjoy good health even while suffering a disabling condition. A blind person, for instance, might enjoy perfect physical health but still have marked limitations.

In his 2004 letter Dr. Parenti stated that the plaintiff had numerous problems with mobility and provided a brief but not exhaustive list of those difficulties, including difficulty in navigating steps. These findings corroborate Nicole Hatch's testimony about the plaintiff's difficulties in using the toilet. ALJ Bede was obliged to discuss Nicole Hatch's description of the plaintiff's difficulty in potty training and

16

independently using the toilet.  See Burnett, 220 F.3d at 122.[4]  In his decision he did not do so.

We find no substantial evidence to support the ALJ's determination that the plaintiff does not have a marked limitation in the domain of self-care.  Substantial evidence indicates that plaintiff suffers from such a limitation.  We therefore overrule the defendant's objection and will adopt Magistrate Judge Smyser's Report and Recommendation.

**VI. Conclusion**

We adopt the Magistrate Judge's finding that there is sufficient evidence in the record to merit the award of benefits without a remand to the ALJ.[5]  The ALJ's decision to deny Plaintiff benefits was not supported by substantial evidence in the record; instead, the record supports the award of benefits as recommended in the Magistrate Judge's Report.  Defendant's objections to the Report and Recommendation are overruled.  An appropriate Order follows.

---

[4] The defendant postulates that the plaintiff does not have a marked limitation in the domain of self-care because children can not use by themselves toilets until they are three (3).  Whether the plaintiff if he lacked limitations could use the toilet at age two (2) or three (3) is not relevant; he has such limitations.  The key issue is whether the plaintiff is limited by his condition–if he could use the toilet or wanted to use the toilet.

[5] See e.g., Morales, at 320 (stating that "the decision to direct the district court to award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits.") (quoting Podedworny v. Harris, 745 F.2d 210, 222 (3d Cir. 1984).

17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LOGAN P. HATCH,** | : No. 3:06cv1936 |
| **C/O NICOLE HATCH,** | : |
| **Plaintiff** | : (Judge Munley) |
| | : |
| **v.** | : |
| | : |
| **MICHAEL J. ASTRUE,** | : |
| **COMMISSIONER OF** | : |
| **SOCIAL SECURITY,** | : |
| **Defendant** | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 31st of August 2007, defendants objections (Doc. 13) to Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 12) are hereby **OVERRULED**.  The Report and Recommendation is **ADOPTED**.  The Commissioner is **DIRECTED** to pay the plaintiff past and future benefits that are due.  The Clerk of Court is directed to **CLOSE** the case.

                                                   **BY THE COURT:**

                                                 **s/ James M. Munley**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **United States District Court**